IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VINCENT ALONZO TUCKER,<br><br>       Plaintiff,<br><br>   v.<br><br>DREW, ECKL & FARNHAM, LLP,<br>BRIAN THOMAS MOORE, PAUL<br>W. BURKE, and EMILY CRAIG,<br><br>       Defendants. | CIVIL ACTION FILE NO.<br><br>1:18-CV-00891-AT-CMS |

## NON-FINAL REPORT AND RECOMMENDATION AND ORDER

Plaintiff is proceeding in this disability discrimination matter *pro se*. This case is before the Court on the motion to dismiss (Doc. 17) filed by the individual defendants, Brian Thomas Moore, Paul W. Burke, and Emily Craig ("Individual Defendants").

After a review of the record, the undersigned submits the following Non-Final Report and Recommendation and Order.

**I.   BACKGROUND**

Plaintiff Vincent Alonzo Tucker ("Plaintiff") is a former employee of Defendant Drew, Eckl & Farnham, LLP ("Defendant DEF"). (Doc. 3, Compl. ¶ 14). In his *pro se* complaint, Plaintiff alleges that he was discriminated against on the basis of an alleged

disability (bipolar disorder) and retaliated against, when his employment with Defendant DEF was terminated on November 21, 2017. (Compl. ¶¶ 13-14; Doc. 3 at 8). In addition to asserting claims against his former employer, Plaintiff's complaint also seeks to hold the Individual Defendants liable for alleged disability discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. (Compl. ¶¶ 1, 4, 12, 13, 14, 16, 17).

## II.   INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

On May 7, 2018, the Individual Defendants filed the instant Rule 12(b)(6) motion to dismiss Plaintiff's ADA claims against them on the basis that the ADA does not authorize or permit individual liability. (Doc. 17).

In response, Plaintiff filed what he labeled and what the Clerk's Office docketed as "Plaintiff's Motion to File Amended Complaint." (Doc. 19). However, a review of the filing shows that it should more properly be construed as Plaintiff's response in opposition to the Individual Defendants' motion to dismiss. (See id. at 1 ["Plaintiffs' (sic) allegations demonstrate a valid claim for relief and the motion to dismiss must not be granted."]).

Plaintiff's response, however, is for the most part nonsensical.[1] The response

---

[1] See, e.g., Doc. 19 at 2 ("Before the Court are four named Plaintiff, Vincent Alonzo Tucker, 40, representing himself."); id. at 3 ("The Supreme Court in *Olmstead*

2

cites facts and statutes that are inapplicable to the ADA claims that he is asserting in this matter. The response does not refute or rebut or even mention the Individual Defendants' assertion of case law establishing that there is no individual liability under the ADA, nor does it provide any argument for why the Individual Defendants should not be dismissed from this lawsuit. The response concludes with a summary of Rule 15 of the Federal Rules of Civil Procedure, and why amendments to complaints are permitted, but Plaintiff has stated no grounds for why he should be permitted to amend his complaint.

With regard to the Individual Defendants' motion to dismiss, the Eleventh Circuit has repeatedly held that suits against individuals are not allowed under Title VII or the ADA. See Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (stating that individuals "cannot be held liable under ... Title VII"); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are ... inappropriate"); Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (holding that individual defendants are not amenable to private suit for violating the anti-discrimination provisions of Subchapter I of the ADA); Mason v. Stallings, 82 F.3d

---

and lower courts have held that the ADA prohibits unnecessary segregation in institutions and requires states to provide services to individuals with disabilities in the most integrated setting appropriate to their needs, unless the state can prove that doing so would result in an undue burden or in a fundamental alteration to the company.").

3

1007, 1009 (11th Cir. 1996) (no individual liability under the ADA); see also Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1342 (N.D. Ga. 2009) ("It is well established that there is no individual liability under [the ADA]). The Eleventh Circuit has similarly held that the ADA also precludes individual liability for claims of retaliation.  See Albra, 490 F.3d at 833.

As noted above, Plaintiff has offered no meaningful response in opposition to the Individual Defendants' motion to dismiss.  Plaintiff's complaint names the Individual Defendants as defendants in their individual capacities.  Because individual liability is precluded for violations of the ADA's employment discrimination and retaliation provisions, I **RECOMMEND** that the Individual Defendants' Motion to Dismiss Plaintiff's ADA claims against them (Doc. 17) be **GRANTED**, and that Plaintiff's ADA claims against the Individual Defendants be dismissed with prejudice.

Given this recommendation, and in light of the parties' joint request to be referred for mediation, to the extent Plaintiff's filing at Docket Entry 19 was intended to be a request for leave to file an amended complaint, it is hereby **DENIED as moot**, without prejudice to renew at a more appropriate juncture.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED AND RECOMMENDED**, this 8th day of June, 2018.

_____
**CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE**